## International Brotherhood of Police Officers, Local No. 328 *v.* Town of Windsor

| Superior Court | Judicial District of Hartford-New Britain at Hartford | File No. 293957 |
|---|---|---|

Memorandum filed July 27, 1984

*Shelagh P. McClure,* for the plaintiff.

*O'Malley, Deneen, Mesina & Oswecki,* for the defendant.

SATTER, J. The plaintiff seeks to vacate an arbitrator's award denying Officer Douglas Stahouski's grievance based on his being suspended for two days, and the defendant counterapplies to confirm the award.

The facts as revealed by the arbitration award are as follows: A woman, learning a warrant was out for her arrest, surrendered to the police department of the town of Windsor. After being photographed and finger-printed, she was placed in a lockup. Paperwork on her case was left for the on-coming shift. Sergeant Sarnoski assigned the job to Stahouski. He completed the rights form, the bail interview form, the appearance form and she was released on a $500 cash bond. Sarnoski, on examining Stahouski's work, noticed an incident report was incomplete and a return on the arrest warrant was not signed. Stahouski was contacted and he completed the incident report but refused to sign the return on the arrest warrant. That return read: "Then and there, by virtue of the within and foregoing complaint and warrant, I arrested the body of the within named accused and read the same in the hearing of said accused." The reason Stahouski gave for his refusing to sign was that he had not arrested the woman and had not read the complaint and warrant to her. Sarnoski asked Stahouski to sign the return three times and when Stahouski steadfastly refused, the matter was reported to the chief of police. Stahouski received a two-day suspension for insubordination for refusing to obey an order.

Stahouski filed a grievance concerning his suspension. The issue presented to the arbitrator was whether Stahouski had been disciplined for just cause. The arbitrator took into account two pertinent sections of the Windsor police department rules and regulations. Section 4.1 provides: "An officer shall not knowingly falsify any written or oral reports, police records or forms," and Section 1.3 provides that "any disobedience of any order whether committed on or off duty shall be cause for disciplinary action."

It was undisputed that Stahouski had disobeyed an order. The arbitrator observed, however, that even if

the order were illegal, Stahouski had the alternative of obeying the order and making an objection to the chief of police. Having violated § 1.3 of the rules and regulations, the award stated: "Officer Douglas Stahouski was disciplined for just cause. His grievance is denied."

Clearly our law is to regard arbitration awards with liberality and to make every reasonable assumption in favor of those awards. *Milford Employees Assn.* v. *Milford,* 179 Conn. 678, 683, 427 A.2d 857 (1980); *International Union* v. *Fafnir Bearing Co.,* 151 Conn. 650, 653, 201 A.2d 656 (1964). Normally, the court examines the award in light of the submission and if it finds conformity, the award stands. *Hartford* v. *Local 308,* 171 Conn. 420, 432, 370 A.2d 996 (1976). If that were the sole standard, the award in this case should be confirmed.

The plaintiff contends, however, that the award violates public policy because it upholds the disciplining of Stahouski for Stahouski's refusal to attest to a falsehood—namely, to sign the arrest warrant return when he had not arrested the woman or read the warrant and complaint to her.

Section 52-418 of the General Statutes provides that an award may be vacated "if the arbitrators have exceeded their powers." "Awards which contravene the public policy of a state exceed the powers of an arbitrator and are illegal and unenforceable." *Avco Corporation* v. *Preteska,* 22 Conn. Sup. 475, 480, 174 A.2d 684 (1961). *Local 453* v. *Otis Elevator Co.,* 201 F. Sup. 213, 218 (S.D.N.Y. 1962), similarly holds that, while a collective bargaining agreement may give an arbitrator power "to dispense his own brand of industrial justice . . . the contract, and his power under it, are limited by, and, must yield to overriding public policy." When an award clashes with that policy, "the award

is . . . void and unenforceable." See also *Black* v. *Cutter Laboratories,* 351 U.S. 292, 76 S. Ct. 824, 100 L. Ed. 1188 (1956).

In both *Avco* and *Local 453* the court vacated arbitration awards which determine that a discharge was without cause when the employees were convicted of gambling activities on the employer's premises. The awards were found to contravene public policy by countenancing the commission of crimes.

Here a far more important public policy is involved. The honesty of police officers is central to our criminal justice system. In signing search and arrest warrants, judges depend completely on the truthfulness of the police officers' affidavits supporting them. Likewise, fundamental rights rest on the accuracy of police records and a falsehood in the arrest record could imperil the prosecutor's case.

Moreover, General Statutes § 53a-157 makes a false statement a Class A misdemeanor. Section 4.1 of the police department rules and regulations of the town of Windsor specifically forbids knowingly falsifying police records.

The arbitrator observed that Stahouski should have obeyed the order to sign the return, even though he knew it false, and then complain to the chief of police. By far, the better alternative was for the sergeant to have the police officer who made the arrest sign the return.

This court holds that the arbitration award, by upholding the suspension of Stahouski for his insisting on being truthful in performing his official duties, violates public policy, and exceeds the powers of the arbitrator within the meaning of General Statutes § 52-418 (a) (4).

Judgment enters vacating the arbitration award.