STATE OF CONNECTICUT *v.* THE R.A. CIVITELLO
COMPANY, INC.
(3482)

HULL, DALY and BIELUCH, Js.

Argued November 15, 1985—decision released March 11, 1986

*Bradley K. Cooney,* for the appellant (defendant).

*William J. White,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellee (state).

BIELUCH, J. This is an appeal from a judgment of the trial court vacating an arbitration award in favor of the defendant on the ground that the award violated public policy and contravened General Statutes (Rev. to 1981) § 4-137g. The defendant claims that the court erred in vacating that award since the submission to arbitration was unrestricted and, therefore, the arbitrator was not obligated to render an award which complied with state law. We disagree with this conclusion and find no error.

The facts are not in dispute. On September 1, 1981, the defendant entered into a contract with the state of Connecticut for repairs to a hangar at Bradley International Airport in Windsor Locks. The contract price, based upon Civitello's bid, was $1,545,725.

Subsequently, a sub-bidder on the project, M.J. Daly & Sons, Inc., voluntarily withdrew its sub-bid and was replaced by the low prefiled sub-bidder for fire protection work, Electrical Mechanical Contractors, Inc., for a cost reduction or saving of $30,000. The state, therefore, reduced the defendant's contract price to reflect the difference in compliance with General Statutes (Rev. to 1981) § 4-137g. Civitello refused to accept the adjustment and, upon completion of the project, filed a demand for arbitration under paragraph eleven of the contract on or about June 2, 1982, for restoration of the amount. The submission to arbitration was unrestricted, and merely sought "the restoration of $30,000.00 to the Contract."

In April, 1984, the arbitrator awarded Civitello the sum of $30,000. The plaintiff filed an application to vacate the award under General Statutes § 52-418. The defendant filed a counter-application to confirm the award under General Statutes § 52-417. On August 2, 1984, the court vacated the arbitrator's award on the ground that it contravened the public policy behind General Statutes § 4-137g and was, therefore, illegal. The defendant's motion to confirm the award was denied. From the judgment of the court, the defendant has appealed.

The defendant claims that the court erred in vacating the arbitration award on the ground that it violated public policy. Arbitration is a remedy bargained for by the parties. The procedure to be employed is born of negotiations between them. Where the parties contractually agree to a procedure and have delineated the authority of the arbitrator, they must adhere to, and are bound by, the agreed limits. A reviewing court may only examine the award to determine whether it conforms to the submission. *Trumbull* v. *Trumbull Police Local 1745,* 1 Conn. App. 207, 211–12, 470 A.2d 1219 (1984). Neither errors of law nor of fact may be cor-

rected upon review of an award if the submission was unrestricted. *Bridgeport* v. *Bridgeport Police Local 1159,* 183 Conn. 102, 106, 438 A.2d 1171 (1981); *Trumbull* v. *Trumbull Police Local 1745,* supra, 213.

The issue before this court, however, is not whether a question of law or fact may be corrected on judicial review. Simply put, what we must resolve is whether a public policy may be contravened by the submission of the parties to arbitration, or the resulting award itself. The public policy expressed by the statutes prescribing strict procedures for the awarding of contracts on public works by public bids is self-evident. Public projects are financed by public funds obtained from public taxation. Neither state officials, nor private contractors, nor well-meaning arbitrators, nor judicial review may allow the unnecessary expenditure of public funds contrary to statutory bidding procedures. The expenditure of public funds is a public trust to be zealously guarded and legally restricted by all concerned. It was with these basic public considerations in mind that General Statutes Chapter 51a, entitled "Public Building Contracts," was enacted. Section 4-137g (Rev. to 1981) thereof in relevant part provided: "If a selected sub-bidder fails within five days . . . after presentation of a subcontract by the general bidder selected as a general contractor, to perform his agreement to execute a subcontract in the form hereinafter set forth with such general bidder . . . the awarding authority and the general contractor shall select, from the other sub-bids duly filed with the awarding authority for such subtrade not rejected, the next lowest responsible and eligible sub-bidder at the amount named in his sub-bid as so filed, *and the contract price shall be adjusted by the difference between the amount of such sub-bid and the amount of the sub-bid of the delinquent sub-bidder . . . .* " (Emphasis added.)

Just as parties cannot expect a court to enforce a contract between them that is illegal or otherwise contrary to public policy, they cannot expect any arbitration award which condones illegal payment or contravenes public policy to receive judicial endorsement. *Board of Trustees* v. *Federation of Technical College Teachers,* 179 Conn. 184, 195, 425 A.2d 1247 (1979). In such a case, the reviewing court is not concerned with the correctness of the arbitrator's decision, but with the lawfulness of enforcing the award. Id. The arbitration process does not legitimatize illegality under a conflicting statute. If payment to the defendant cannot be enforced contrary to the public policy expressed in § 4-137g, it is not rendered enforceable by the arbitrator's decision. *Board of Trustees* v. *Federation of Technical College Teachers,* supra, 196. We hold, therefore, that the trial court did not err in concluding that the arbitrator's award contravened § 4-137g and the public policy behind it, and was thus rendered in excess of the arbitrator's powers and is unenforceable. General Statutes § 52-418 (a) (4).

Our conclusion that the arbitrator exceeded his authority is dispositive of this appeal. We choose, however, to comment briefly on the second claim of error. The defendant states that the court erred as a matter of law in its consideration of the application to vacate the arbitration award under § 52-418 (a) (4) by admitting into evidence documents and testimony beyond the demand for arbitration and the arbitrator's award. The defendant's brief states the issue, but does not discuss it beyond stating in its "Conclusion" that "[t]he State's attempt to 'appeal' the arbitrator's decision to the Superior Court goes beyond the scope of review specifically provided by the legislature in Conn. Gen. Stat. § 52-418 [a] (4)." "However, nothing more than this bare statement, without citation to legal authority, appears in [the defendant's] brief. Assignments of error

which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." *Rodriguez* v. *Mallory Battery Co.,* 188 Conn. 145, 148–49, 448 A.2d 829 (1982).

There is no error.

In this opinion the other judges concurred.