STATE OF CONNECTICUT *v.* CONNECTICUT COUNCIL 4, CLERICAL EMPLOYEES UNION, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO
(3930)

HULL, SPALLONE and DALY, Js.

Argued January 15—decision released May 6, 1986

*Barbara J. Collins,* with whom, on the brief, were *J. William Gagne, Jr.* and *Raymond C. Bliss,* for the appellant (defendant).

*Thadd A. Gnocchi,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Robert E. Walsh,* assistant attorney general, for the appellee (state).

DALY, J. This is an appeal by the defendant from a judgment of the trial court which vacated the defendant's arbitration award on the grounds that the award violated public policy and contravened the purposes of General Statutes § 14-50a (a). The defendant claimed that the court erred in so holding and in not remanding the case for a rehearing. We disagree and find no error.

The facts are not in dispute. The defendant, Connecticut Council 4, Clerical Employees Union, American Federation of State, County and Municipal Employees, AFL-CIO (AFSCME) represents court reporters who take testimony at hearings conducted by the Motor Vehicles Department (MVD). The state and the union entered into a collective bargaining agreement for a period extending from July 1, 1982, through June 30, 1985. This agreement provided for the final and binding arbitration of disputes arising between the parties.

On July 23, 1982, the commissioner of motor vehicles issued a memorandum[1] requiring that transcripts would thenceforth be sold at a rate of $1 per page in accordance with General Statutes § 14-50a (13).[2] Prior to the issuance of the memorandum, MVD hearing reporters, in addition to their regular compensation, received payment for the preparation of transcripts at the request of outside parties and persons other than state officials. At the time this practice was terminated in 1982 by the commissioner, the transcript rate for MVD reporters had progressed to $1.75 per page.. The person ordering such a transcript paid the fee directly to the hearing reporter at a rate equivalent to rates charged by hearing reporters employed in the courts and in the workers' compensation offices. The reporters often prepared these transcripts at home or outside of the office, earning as much as $1000 per year in additional compensation. The commissioner's memorandum also provided that the reinstated $1 per page fee should be paid in advance to the MVD and that reporters unable to prepare transcripts during work hours could request overtime. The memorandum effectively pre-

[1] The memorandum issued by Benjamin A. Muzio, commissioner of motor vehicles, provided in pertinent part: "Section 14-50a, reads, in part, '. . . 12. Certified transcripts of hearings held by the commissioner, $1 per page with a minimum charge of $5.00 . . . .'

"In view of the language of the aforementioned Statute, I feel any and all information developed at an administrative hearing conducted by this Department is property of the State of Connecticut. Therefore, any transcript of hearings held by this Department must be sold at the rate $1.00 per page, regardless of who may have requested the transcript; and the fee is to be collected by Copy Record Unit prior to the release of the transcript, which is the identical policy utilized in regards to the reports filed with this Department by our Automotive Consulting Engineer.

"In those instances where the Hearing Reporters are unable to prepare the transcripts during the normal course of the work week, you should submit a request for overtime for this purpose."

[2] General Statutes § 14-50a (a) provides in pertinent part: "The following fees shall be charged by the commissioner of motor vehicles for the item or service indicated: . . . 13. Certified transcripts of hearing held by the commissioner, $1.00 per page . . . ."

cluded reporters from receiving any extra compensation, contrary to previous practice, for transcripts prepared for private parties outside of work.

The defendant filed a grievance on behalf of several reporters under the collective bargaining agreement. The arbitrator found that the reporters were still entitled to charge private parties for the preparation of transcripts of hearings but limited the amount to $1 per page. The plaintiff filed an application to vacate the arbitrator's award claiming that the arbitrator had exceeded her powers. The trial court concluded that the award violated the policy of the state and the legislative intent as expressed in § 14-50a and ordered the award vacated. From that decision in favor of the state, the defendant appealed.

Arbitration affords a contractual remedy designed to expedite, in an informal setting, the resolution of disputes. *Daginella* v. *Foremost Ins. Co.,* 197 Conn. 26, 33, 495 A.2d 709 (1985). Because of our respect for the autonomy of the arbitration process, which requires only minimal judicial intrusion, we will not disturb an arbitration award unless it clearly falls within the proscriptions of General Statutes § 52-418. *Schwarzschild* v. *Martin,* 191 Conn. 316, 323, 464 A.2d 774 (1983); *Milford Employees Assn.* v. *Milford,* 179 Conn. 678, 682, 427 A.2d 859 (1980). "We are adamant in our adherence to these principles which serve to perpetuate the autonomous nature of the arbitration process. To hold otherwise would expand the role of the trial court in arbitration proceedings which would result in an unwarranted and counterproductive diminution of the efficacy of such proceedings." *Hartford* v. *Local 760,* 6 Conn. App. 11, 14, 502 A.2d 429 (1986).

General Statutes § 52-418 (a) provides in relevant part that "[u]pon the application of any party to an arbitration, the superior court . . . shall make an order

vacating the award if it finds any of the following defects: . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

The right to review an arbitration award exists only by statute. *Milford Employees Assn.* v. *Milford,* supra, 682. Under the facts of this case, the principal issue raised was whether the arbitrator exceeded her powers under § 52-418 (a) (4). "Every reasonable presumption and intendment will be made in favor of the award, and, hence, the burden rests upon the plaintiffs to produce evidence sufficient to invalidate or avoid it." Id., 683. Parties cannot expect an intervening arbitral award approving conduct which is illegal or contrary to public policy to receive judicial endorsement any more than parties can expect a court to enforce such a contract between them. *Board of Trustees* v. *Federation of Technical College Teachers,* 179 Conn. 184, 195, 425 A.2d 1247 (1979). "In such a case, we are not concerned with the correctness of the arbitrator's decision but with the lawfulness of enforcing the award. . . . If the contract term is illegal in light of conflicting statutes, it is not legitimated by the arbitration process; and if the agreement should not on that account be enforced, it is not rendered enforceable by an arbitrator's decision." Id., 195–96; *International Brotherhood of Police Officers* v. *Windsor,* 40 Conn. Sup. 145–47, 483 A.2d 626 (1984).

The court reporters for the MVD are seeking to be treated in the same manner as court and workers' compensation reporters. Pursuant to General Statutes § 51-63 (c) and (e), court and workers' compensation reporters are entitled to be paid certain fees for transcripts "in addition to other compensation." On the other hand, General Statutes § 14-50a provides no authority for MVD reporters to be paid transcript fees

in addition to their regular compensation. Furthermore, the statutory scheme requires that the commissioner of motor vehicles, and not the reporters themselves, charge these fees. It is uniformly held that enumeration of powers in a statute precludes the things not enumerated. *Buonocore* v. *Branford,* 192 Conn. 399, 403, 471 A.2d 961 (1984). Courts must presume that the legislature had a purpose for every sentence, clause or phrase in a statute. They must also presume that the General Assembly did not intend to enact useless legislation. Holden & Daly, Connecticut Evidence § 50, p. 92. The provisions in § 51-63 (c) and (e) are clear in allowing additional compensation for court and workers' compensation reporters. Section 14-50a does not contain such language.

The defendant further claims that the arbitrator was correct in ruling that past practice condones the alternate means of compensation sought by the MVD reporters. There is no authority for the proposition that customary practice supersedes a statute prohibiting such practice.

The General Assembly is always presumed to know all the existing statutes and the effect that its action or nonaction will have on any one of them. Holden & Daly, supra, p. 92. If the legislature intended that the MVD reporters should be entitled to additional compensation for transcripts, it readily would have so provided in the statute. Since it did not, we hold that the trial court did not err in concluding that the arbitrator's award conflicted with the law, or that it was thus rendered in excess of the arbitrator's powers. Sending the matter back for rehearing, therefore, would have been a futile gesture.

There is no error.

In this opinion the other judges concurred.