CITY OF STAMFORD *v.* STAMFORD POLICE ASSOCIATION
(5607)

DUPONT, C. J., BORDEN and STOUGHTON, Js.

---

Argued February 11—decision released April 26, 1988

*Deborah Steeves,* assistant corporation counsel, for the appellant (plaintiff).

*William W. Ward,* for the appellee (defendant).

BORDEN, J. The plaintiff city appeals from the judgment of the trial court denying its application to vacate and granting the defendant union's application to confirm an arbitration award of the state board of mediation and arbitration (state board). The plaintiff claims that the court erred in finding that the arbitration award did not violate public policy. We find no error.

The following facts are relevant to this appeal. Robert Esposito is a Stamford police officer and a member of the Stamford Police Association. Esposito, who is blind with little hope of recovering his sight, was terminated from sick leave status. Esposito and the defendant union ultimately brought their grievance to the state board, contending, inter alia, that article seven of the collective bargaining agreement between the parties made no provision for the cessation of an extended sick leave status for an officer. The state board agreed that

the plaintiff had violated article seven and ordered that Esposito be restored to his extended sick leave status.

The plaintiff moved to vacate the arbitration award pursuant to General Statutes § 52-418. The defendant moved to have the award confirmed pursuant to § 52-417. The plaintiff claimed that the arbitration award was void in that it violates public policy. Specifically, the plaintiff asserted that because it cannot replace disabled policemen on sick leave status with officers who are capable of performing the duties of the disabled policemen, the award violates the city's public policy of providing public safety. The trial court disagreed, concluding that "[a]lthough the safety and security of town residents is an important and aspirational public policy . . . whatever impact restoring a disabled officer to sick leave status would have on this policy, it does not amount to such a 'violation of public policy' to warrant vacating the award." This appeal followed.

"[T]he judiciary's power to enforce the terms of a collective bargaining agreement is at all times exercised subject to the restrictions and limitations of public policy as manifested in constitutions, statutes and applicable legal precedents." *Stratford* v. *Local 134, IFPTE*, 201 Conn. 577, 590, 519 A.2d 1 (1986). "Parties cannot expect an intervening arbitral award approving conduct which is illegal or contrary to public policy to receive judicial endorsement any more than parties can expect a court to enforce such a contract between them. *Board of Trustees* v. *Federation of Technical College Teachers,* 179 Conn. 184, 195, 425 A.2d 1247 (1979). 'In such a case, we are not concerned with the correctness of the arbitrator's decision but with the lawfulness of enforcing the award. . . . If the contract term is illegal in light of conflicting statutes, it is not legitimated by the arbitration process; and if the agreement

should not on that account be enforced, it is not rendered enforceable by an arbitrator's decision.' Id., 195–96; *International Brotherhood of Police Officers* v. *Windsor,* 40 Conn. Sup. 145–47, 483 A.2d 626 (1984)." *State* v. *Connecticut Council 4, CEU, AFSCME,* 7 Conn. App. 286, 290, 508 A.2d 806 (1986); see also *State* v. *AFSCME,* 13 Conn. App. 461, 467, 537 A.2d 517 (1988).

The plaintiff, however, has failed to show how this arbitration award violates any recognized public policy. The plaintiff's reliance on the fact that police officers are engaged in the important field of public safety and that "the need for public confidence in the police force is a matter of great concern and public policy," is not sufficient to invalidate the arbitration award which is the subject of this appeal. We fail to see how a police officer's contractual entitlement to unlimited sick leave benefits is the type of event which will undermine either public safety or public confidence in law enforcement activities. Cf. *International Brotherhood of Police Officers* v. *Windsor,* supra, 148 (because honesty of police officers is central to criminal justice system, arbitration award upholding suspension of officer for insisting on being truthful in performing his official duties violates public policy). That the city may not be able to fill Esposito's position in the field because he remains on extended sick leave status simply does not rise to the level of a violation of public policy. The collective bargaining agreement, as interpreted by the state board, may be anomalous, but it violates no recognized public policy.

There is no error.

In this opinion the other judges concurred.