[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE PETITIONER'S APPLICATION TO VACATE ARBITRATION AWARD
The defendant Cascella and Son Construction Company was awarded $44,900 in an arbitration against the plaintiff Haynes Construction Company. The plaintiff Haynes Construction now seeks to vacate the arbitration on two grounds: 1) The plaintiff terminated defendant's contract because the defendant failed to pay its employees lawful wages, and an award in favor of Cascella therefore violates public policy; 2) The arbitrator's ongoing attorney-client relationship with the defendant's in-laws demonstrates evident partiality necessitating that the award be vacated.
The plaintiff asserts that the arbitration award in this case should be vacated because it violates the public policy expressed in General Statutes 31-53, the wage regulation statute. The statute provides in pertinent part:
 the wages paid on an hourly basis to any mechanic laborer or workman . . . shall be at a rate equal to the rate customary or prevailing for the same work in the same trade or occupation in the town in which such public works project is being constructed.
Conn. Gen. Stat. 31-53 (a). CT Page 5927
Testimony at the hearing revealed that Cascella had an agreement with its workers whereby they would be paid at the completion of the project. Such an agreement constitutes a violation of 31-53. The motion to vacate states that such a failure to pay lawful wages caused Haynes to terminate the contract.
An arbitration award may be vacated where the award violates clear public policy. Garrity v. McCaskey, 223 Conn. 1, 6
(1992). "The public policy exception applies only when the award is clearly illegal or clearly violative of a strong public policy." Id. at 7. "Parties cannot expect an arbitration award `approving conduct which is illegal or contrary to public policy to receive judicial endorsement any more than parties can expect a court to enforce such a contract between them.'" Watertown Police Union Local 541 v. Watertown, 210 Conn. 333, 339-40 (1989) quoting Stamford v. Stamford Police Assn., 14 Conn. App. 257, 259 (1988).
"The public policy exception to arbitral authority should be narrowly construed and `"a court's refusal to enforce an arbitrator's interpretation . . . is limited to situations where . . . `some explicit public policy' that is `well defined and dominant, and is to be ascertained "by reference to the laws and legal precedents and not from general considerations of supposed public interests." Watertown, 210 Conn. at 340, quoting New Haven v. AFSCME, Council 15, Local 530, 208 Conn. 411, 417 (1988). "The party challenging the award bears the burden of proving that illegality or conflict with public policy is clearly demonstrated." Watertown, 210 Conn. at 340.
Under the provisions of General Statutes 31-716, "each employer . . . shall pay weekly all moneys due each employee on a regular pay day . . ." When viewed together, General Statutes 31-716 and 31-53 require the payment of prevailing wages on a regular pay day. Since the defendant agreed to pay his, employees fully only upon completion of the project, the court concludes that General Statutes 31-716 and 31-53 have been violated. Accordingly, the arbitration award should be and is vacated because such an award would be in contravention of public policy as expressed in 31-53 and 31-716.
The defendant's amended application also claims the evident partiality of the arbitrator as a reason to vacate the award. While the arbitrator did disclose that he had represented the defendant's in-laws in a zoning matter, he failed to disclose CT Page 5928 that this was an ongoing attorney-client relationship at the time of the arbitration. Thus, the plaintiff seeks to have the award vacated.
An arbitration award will be vacated where the standard of "evident partiality" has been met with regard to the arbitrator. See Local 530 AFSCME, Council 15 v. New Haven,9 Conn. App. 260 (1986). "Evident partiality will be found where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration." Local 530 AFSCME, Council 15 v. New Haven, 9 Conn. App. 260, 271 (1986). "To put it in the vernacular, `evident partiality' exists where it reasonably looks as though a given arbitrator would tend to favor one of the parties." Id.
The issue is whether the arbitrator's ongoing attorney-client relationship with the defendant's in-laws constitutes evident partiality. In Petrowski v. Norwich Free Academy, 199 Conn. 231 (1986), the issue was whether two members of a high school board of trustees should be disqualified from hearing the case of a terminated teacher on the basis of their membership in a law firm that represented the academy in other unrelated matters. The court concluded that the interests of the two attorneys on the board were "too remote and nebulous to have required their disqualification" and the court therefore held that disqualification was unwarranted under both federal due process principles and state law. Id. at 241-43. However, Petrowski, while cited in Local 530 AFSCME, Council 15, differs from the instant case in important respects. It is a case involving an administrative adjudicator rather than an arbitrator. See Petrowski, 199 Conn. at 232. Moreover, Petrowski concerned the issue of whether the presence of the attorneys on the NFA board violated the plaintiff's due process rights under thefourteenth amendment to the United States Constitution and General Statutes10-151. Id. at 233. The standard of evident partiality which is central to the instant case, was not considered in Petrowski.
Therefore, evident partiality, as previously defined, is the decisive standard in this matter. The court concludes that evident partiality has been demonstrated in this case in that the arbitrator's representation of the defendant's in-laws on other matters during the course of the arbitration makes it "reasonably look as though . . . [the] arbitrator would tend to favor one of the parties." See Local 530 AFSCME, Council 15, 9 Conn. App. at 271. CT Page 5929
Accordingly the motion to vacate the arbitration is granted.
Dorsey, J.