## EAR, NOSE AND THROAT GROUP, P.C. *v.* STELLA STANESCU ET AL.

Superior Court      Judicial District of      File No. CV960560602S
Hartford

Memorandum filed June 8, 1999

*William G. Reveley*, for the plaintiff.

*Ronald L. Lepine*, for the defendants.

FINEBERG, J. The plaintiff, Ear, Nose and Throat Group, P.C., has brought the present action against the defendants, Stella Stanescu and Gabriel Stanescu, for medical services provided to Stella Stanescu. The medical services involved nasal surgery performed on her

by the plaintiff's employee, Michael J. Franklin, a physician, in January, 1993. Subsequently, Stella Stanescu brought an action against Franklin seeking damages for alleged malpractice concerning that surgery.[1] That action concluded with judgment being rendered in favor of Franklin pursuant to a directed verdict.

The defendants have now, in the present action, asserted a counterclaim against the plaintiff claiming a breach by the plaintiff of a promise or promises allegedly made by Franklin to Stella Stanescu in connection with that January, 1993 surgery.[2] The plaintiff has filed this motion for summary judgment asserting that the counterclaim is barred by the doctrines of res judicata and/or collateral estoppel.

Res judicata refers to the concept of claim preclusion, while collateral estoppel refers to the concept of issue preclusion. See *Jackson* v. *R. G. Whipple, Inc.*, 255 Conn. 705, 712, 627 A.2d 324 (1993). These concepts "have been described as related ideas on a continuum." *Crochiere* v. *Board of Education*, 227 Conn. 333, 343, 630 A.2d 1027 (1993). They "express no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest." *State* v. *Ellis*, 197 Conn. 436, 465, 497 A.2d 494 (1985), on appeal after remand sub nom. *State* v. *Paradise*, 213 Conn. 388, 567 A.2d 1221 (1990). "The process of defining the claim . . . is thus aimed at defining the matters that both might and *should* have been advanced in the first litigation." (Emphasis in original; internal quotation marks omitted.) Id.

---

[1] *Stanescu* v. *Franklin*, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. CV940464030.

[2] It is unclear whether the defendants are claiming breach of contract or promissory estoppel. See *Suffield Development Associates Ltd. Partnership* v. *Society for Savings*, 243 Conn. 832, 708 A.2d 1361 (1998). In view of the court's ruling herein, the distinction is not relevant. For the sake of convenience, the court will refer to the counterclaim as the "contract claim," and the prior lawsuit as the "malpractice action."

The operative effect of the principle of claim preclusion is to preclude relitigation of the "original claim." *Duhaime* v. *American Reserve Life Ins. Co.*, 200 Conn. 360, 364, 511 A.2d 333 (1986). *Duhaime* states this principle as follows: "The Restatement (Second), Judgments provides, in § 24, that 'the claim [that is] extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What factual grouping constitutes a "transaction," and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.' " *Duhaime* v. *American Reserve Life Ins. Co.*, supra, 364–65.

The transactional test provides the standard by which to measure the preclusive effect of a prior judgment. The preclusive effect includes " 'any claims relating to the cause of action which were actually made *or might have been made.*' " (Emphasis added.) Id., 365, quoting *Corey* v. *Avco-Lycoming Division*, 163 Conn. 309, 317, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973). " '[T]he appropriate inquiry with respect to [claim] preclusion is whether the party had an *adequate opportunity* to litigate the matter in the earlier proceeding . . . .' " (Emphasis in original.) *Joe's Pizza, Inc.* v. *Aetna Life & Casualty Co.*, 236 Conn. 863, 872, 675 A.2d 441 (1996), quoting *Jackson* v. *R. G. Whipple, Inc.*, supra, 225 Conn. 717–18.

In accordance with this test, *Duhaime* v. *American Reserve Life Ins. Co.*, supra, 200 Conn. 365, held that an action claiming a violation of the Connecticut Unfair Trade Practices Act (CUTPA) was barred by the doctrine of res judicata because the CUTPA claim arose

out of the same transaction as a prior breach of contract action brought by the same plaintiff against the same defendant in which the plaintiff prevailed. Likewise, *Labieniec* v. *Nichols*, 18 Conn. App. 117, 119, 556 A.2d 635 (1989), held that after a final judgment on the merits of a claim sounding in tort, a subsequent action by the same plaintiff against the same defendant, sounding in contract and stemming from the same set of facts, was barred by the principles of res judicata. As in the action now before this court, the first action in *Labieniec*, resulting in judgment for the defendant, involved a claim of medical malpractice, while the second action involved a claim that the plaintiff was a third party beneficiary of a contract to provide medical services between the defendant and the plaintiff's employer, allegedly breached by the defendant.

It is clear, therefore, that a subsequent action brought by the same plaintiff against the same defendant arising out of the same transaction or underlying factual grouping as a prior action brought by that plaintiff against that defendant is barred by the judgment in the prior action with respect to any claim which was made or might have been made in that prior action. A review of the contract counterclaim presently at issue before this court and the complaint in the prior malpractice action indicates that both arise out of the same transaction or factual grouping, namely that respecting the January, 1993 surgery and matters incident thereto. The allegations are virtually identical, the only ostensible difference being that the prior action claimed malpractice by Franklin, while the present counterclaim claims that his employer, the plaintiff, is bound by the failure of Franklin to fulfill promises allegedly made by him.

Both the prior malpractice action and this contract claim involve only alleged acts or omissions of Franklin. In their counterclaim, the present defendants have claimed no act or omission by the plaintiff or any of

its other employees that is independent of actions or promises allegedly taken or made by Franklin. The present case, therefore, is virtually identical to *Labieniec.* Both the present case and *Labieniec* involve a prior medical malpractice action and a subsequent contract claim arising out of the same underlying transaction or factual grouping. The only difference is that while *Labieniec* involved the same parties in both actions, those in the present case involve the employee, Franklin, in the prior malpractice action, and his employer, the plaintiff, in the present action.

The doctrines of res judicata and collateral estoppel apply both to the parties in the original action and to those in privity with them. See *Slattery* v. *Maykut,* 176 Conn. 147, 156–57, 405 A.2d 76 (1978), citing *Corey* v. *Avco-Lycoming Division,* supra, 163 Conn. 317. The issue, then, is whether Franklin and the plaintiff are in privity with each other. If so, the present counterclaim is barred by the judgment in the prior malpractice action.

"A key consideration in determining the existence of privity is the sharing of the same legal right by the parties allegedly in privity." (Internal quotation marks omitted.) *Aetna Casualty & Surety Co.* v. *Jones,* 220 Conn. 285, 304, 596 A.2d 414 (1991) (party insured and administrator of his victim's estate held to be in privity for purposes of application of policy exclusion). "As we have recognized, the concept of privity has moved away from the conventional and narrowly defined meaning of mutual or successive relationships to the same rights or property. It now signifies a relationship between one who is a party of record and another who is a nonparty, but is sufficiently close to mandate the application of res judicata or collateral estoppel." *Mazziotti* v. *Allstate Ins. Co.,* 240 Conn. 799, 813 n.12, 695 A.2d 1010 (1997). *Mazziotti* held that there is no privity between the plaintiff's insurer and the underlying tortfeasor in the context of an uninsured motorist policy

claim, as the insurer and the tortfeasor do not share the same legal right. Id., 817. In that context, there is no identity of interest.

Where, however, the liability of a party is derivative of or predicated upon the liability of a primary party with whom it has an identity of interest, the parties share the same legal right. There is privity. Therefore, if the primary party is held to be not liable, so must the other party who shares the identity of interest be held to be not liable. See *Simpson* v. *Townsley*, 283 F.2d 743 (10th Cir. 1960) (employee motor vehicle operator and his employer); *Good Health Dairy Products Corp.* v. *Emery*, 275 N.Y. 14, 9 N.E.2d 758 (1937) (operator and owner of motor vehicle); *Eckleberry* v. *Kaiser Foundation*, 226 Or. 616, 359 P.2d 1090 (1961) (physician employee and hospital employer in medical malpractice case).[3]

The concept of privity was applied in *Corey* v. *Avco-Lycoming Division*, supra, 163 Conn. 319–20. In the initial action, the plaintiff, Barbara Corey, was a grievant in a proceeding before a board of arbitration authorized under the terms of the subject collective bargaining agreement. She claimed that her discharge by the defendant was discriminatory on religious grounds. Her grievance was presented and conducted by her union. Id., 312. The board's decision denying her grievance was later confirmed by order of the Superior Court. In a second action, Corey, in her own name, filed a complaint alleging the same ground of discrimination with the commission on human rights and opportunities (commission).[4] Id., 312–13. Subsequent to the confirmation of the arbitration decision, a hearing tribunal of

[3] As the parties have not cited any Connecticut case law authority on this point, the court may look for guidance to other jurisdictions. The principle stated, however, would appear to be hornbook law.

[4] As a preliminary matter, the Supreme Court ruled that both the proceeding before the board of arbitration and the administrative proceeding before the commission were sufficiently judicial in nature to invoke the doctrines of res judicata and collateral estoppel.

the commission ruled that there was discrimination, and made appropriate orders. The trial court sustained the defendant's appeal from the commission's ruling. Id., 315.

The trial court's decision was affirmed. The Supreme Court ruled that "[w]hile the arbitration was conducted by the union, there can be no question that privity existed between [Corey] and the union . . . [so that there] was, therefore, an identity of parties." Id., 319–20. Accordingly, under the doctrine of collateral estoppel, the ruling by the board of arbitration that there was no religious discrimination was binding on the commission.

The preclusionary factors are present here. Only alleged acts or omissions of Franklin are in issue. There is an identity of interest and privity between the plaintiff and Franklin, such that had the plaintiff also been a party defendant in the malpractice action, the verdict in favor of Franklin would have required a like verdict in favor of the plaintiff. The contract claim arises out of the same transaction and factual grouping as that in the malpractice action.

The proper documentation regarding the malpractice action has been submitted. The material facts recited herein are not in dispute. Summary judgment must be granted if the documents "and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Suarez* v. *Dickmont Plastics Corp.*, 229 Conn. 99, 105, 639 A.2d 507 (1994). Such is the case here.

The motion for summary judgment is granted.