[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter came before the court pursuant the defendant's motion to confirm "an arbitration award and a hearing was conducted to consider the motion. The plaintiff objected to the confirmation of the award, claiming that he had new evidence which he wished to present. The evidence consisted of financial records which he could have but did not present at the arbitration hearing. At the hearing to consider the plaintiff's motion to confirm the arbitration award the plaintiff was afforded the generous opportunity to address the court with the assistance of an interpreter whom he selected. The plaintiff informed the court that after the arbitration hearing he returned to China, and searched certain files which he could have searched prior to the arbitration but did not. In those files he claims to have found certain financial records which he stated would establish the validity of his claim and that had the arbitrator had these records, the arbitrator would have rendered a decision in favor of the plaintiff. The plaintiff did not move to vacate the arbitration award, but in his objection to the defendant's motion to confirm the award, the plaintiff asked the court to remand the matter for reconsideration or to "vacate and order a new arbitration hearing.
The court's authority to vacate the award is statutorily limited because the plaintiff failed to file a motion to vacate the arbitration award within the time prescribed by law which provides that:
CT Page 17255 [N]o motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion." General Statutes § 52-420(b).
The plaintiff has not alleged facts which allow the court to vacate the award based on common law either. In addition to the statutory authority to vacate an arbitration award, our courts have recognized that the court has the authority to vacate an award on the following additional common law bases:
 "(1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . or (3) the award contravenes one or more of the statutory proscriptions of § 52-418[1]." (Citations omitted.) Garrity v. McCaskey, supra, 223 Conn. at 6, 612 A.2d 742. "[T]he public policy exception to arbitral authority should be narrowly construed and [a] court's refusal to enforce an arbitrator's [award] is limited to situations where the [award] would violate some explicit public policy that is well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests." (Internal quotation marks omitted.) Watertown Police Union Local 541 v. Watertown, 210 Conn. 333, 340, 555 A.2d 406 (1989). When an arbitrator makes an error of law, however, or where an award "manifests an egregious or patently irrational application of the law [that] award should be set aside pursuant to § 52-418(a)(4). . . ." Garrity v. McCaskey, supra, at 10, 612 A.2d 742.
 * * * As a matter of judicial prudence and in the exercise of the court's inherent judicial discretion, the court should not confirm an arbitration decision that violates well established public policy. An arbitration decision that violates public policy is not just erroneous; such an award exceeds the powers of an arbitrator and is "`void and unenforceable.'" International Brotherhood of Police Officers v. Windsor, 40 Conn. Sup. 145, 148, 483 A.2d 626 (1984). Even if the decision conforms to the submission, a court must vacate the award if it is repugnant to the CT Page 17256 public policy of this state. Watertown Police Union Local 541 v. Watertown, supra, 210 Conn. at 339, 555 A.2d 406; State v. Council 4, AFSCME, 27 Conn. App. 635, 639-40, 608 A.2d 718 (1992). "Just as parties cannot expect a court to enforce a contract between them that is illegal or otherwise contrary to public policy, they cannot expect any arbitration award which condones illegal payment or contravenes public policy to receive judicial endorsement . . . In such a case, the reviewing court is not concerned with the correctness of the arbitrator's decision, but with the lawfulness of enforcing the award." (Citations omitted.) State v. R.A. Civitello, Co., 6 Conn. App. 438, 442, 505 A.2d 1277, cert. denied, 199 Conn. 810, 508 A.2d 770 (1986).
Shrader v. Zeldes, Needle and Cooper, 45 Conn. Sup. 130, (Conn.Super. 1997) 702 A.2d 1214, 1216. The plaintiff has neither alleged nor otherwise established that the award rules on the constitutionality of a statute, violates clear public policy, nor contravenes one or more of the statutory proscriptions of § 52-418. Therefore, the court has no common law authority to vacate the award.
The plaintiff sought an order vacating the award or remanding the matter back to the arbitrator for a new hearing. Instead, because he claimed that he now had evidence which he could have presented but did not present at the arbitration hearing which information he claims would have caused the arbitrator to reach a different decision than that sought to be confirmed. The plaintiff failed to establish a factual basis for his claim that the information would be dispositive. Moreover, he also failed to assert that he was unable to go to China prior to the hearing, unable to arrange for someone else to search the files in China or that having not done so, he requested but was denied a reasonable extension of time to go to China a search the files so that he could present the financial records at the arbitration hearing. He gave no valid reason why the financial records were not presented at the arbitration hearing. In essence, the plaintiff simply seeks to re-arbitrate the matter so that he can present as evidence financial records which he could have, but did not present at the arbitration hearing. The doctrine of collateral estoppel simply does not allow that.
The doctrine of collateral estoppel assures the finality of judicial determinations and promotes the efficiency of adjudicative processes by preventing the wasteful re-litigation and re-arbitration of matters involving the same issues and facts previously presented for adjudication by the same parties and decided. Gionfriddo v. Gartenhaus Cafe, CT Page 1725715 Conn. App. 392, 401-402, 546 A.2d 284 [(1988), aff'd., 211 Conn. 67,557 A.2d 540 (1989); see also State v. Ellis, 197 Conn. 436, 462-67,497 A.2d 974 (1985); In re Juvenile Appeal (83-DE), 190 Conn. 310,313-18, 460 A.2d 1277 (1983); Gennarini Construction Co. v. MessinaPainting Decorating Co., 15 Conn. App. 504, 509-10, 545 A.2d 579
(1988). Virgo v. Lyons, 209 Conn. 497, 501, 551 A.2d 1243 (1988);DeLaurentis v. New Haven, 220 Conn. 225, 239, 597 A.2d 807 (1991). Weissv. Statewide Grievance Committee, 227 Conn. 802, 818, 633 A.2d 282
(1993). . . . Parties are collaterally estopped from seeking re-adjudication of issues identical to those considered in the prior proceeding, Crochiere v. Board of Education, [227 Conn. 333, 345,630 A.2d 1027 (1993); Mazziotti v. Allstate Ins. Co., 240 Conn. 799,812, 695 A.2d 1010 (1997). It is a fundamental principal of our jurisprudence that "once a matter has been fully and fairly litigated, and finally decided, it comes to rest." State v. Ellis, supra, at 465,497 A.2d 974; Mazziotti v. Allstate Ins. Co., supra, at 813, 695 A.2d 1010. The doctrine of collateral estoppel is applicable both to trials and arbitrations. Young v. Metropolitan Property and Cas. Ins. Co.,60 Conn. App. 107, 758 A.2d 452 (2000).
Although the dispute involves a series of transactions, the plaintiff does not claim that the doctrine is inapplicable applying the transaction test. Our courts have recognized that:
 The operative effect of the principle of claim preclusion is to preclude relitigation of the "original claim." Duhaime v. American Reserve Life Ins. Co., 200 Conn. 360, 364, 511 A.2d 333 (1986). Duhaime states this principle as follows: "The Restatement (Second), Judgments provides, in § 24, that `the claim [that is] extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What factual grouping constitutes a "transaction," and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" Id., at 364-65, 511 A.2d 333.
Ear Nose and Throat Group, P.C. v. Stanescu, 46 Conn. Sup. 14,734 A.2d 152, 154 (Conn.Super. 1999). On the contrary the plaintiff CT Page 17258 stated that information he failed to present did relate to the issue decided by the arbitrator and therefore, the transaction to which it pertains must be one in a series of transactions considered by the arbitrator.
The court finds that the information the plaintiff seeks to introduce pertains to the same issues and facts considered and decided by the arbitrator and that the plaintiff had his fair hearing at which he was given every opportunity to present his evidence. His failure to take full advantage of that opportunity is not a basis upon which this court may vacate the award which the plaintiff did not move to vacate timely and which does not rule on the constitutionality of a statute, violate clear public policy or contravenes one or more of the statutory proscriptions of § 52-418. The doctrine of collateral estoppel precludes the re-arbitration of the matter. The arbitration award is confirmed.
Vanessa L. Bryant, J.