### STANLEY V. TUCKER *v.* PAUL B. CRIKELAIR ET AL. (3353)

HULL, BORDEN and DALY, Js.

/ Argued April 2—decision released May 28, 1985

*Stanley V. Tucker,* pro se, the appellant (plaintiff), filed a brief.

*Maureen Cox,* with whom, on the brief, was *John C. Bullock,* for the appellee (defendant Robert R. Anderson).

DALY, J. The defendant Robert R. Anderson [1] moved for summary judgment on the ground that this action[2] is barred by a final judgment rendered with prejudice dismissing the same claims in the United States District Court for the Central District of California.[3] From the granting of the summary judgment, the plaintiff has appealed.

The District Court ruled that the plaintiff's claims were subject to the laws of California, and were ordered

---

[1] Anderson is the sole remaining defendant. This action was dismissed for lack of personal jurisdiction as to all other defendants.

[2] The action alleged malicious prosecution and violation of the plaintiff's constitutional rights for his incarceration in Ventura, California in 1969 for contempt for failure to pay child support.

[3] *Anderson* v. *Tucker,* United States District Court, Central District of California, No. CV 79-3367-RJK (November 9, 1979).

dismissed with prejudice as barred by the applicable statutes of limitations. The plaintiff did not appeal from that ruling.

The sole issue on appeal is whether that judgment is res judicata. The plaintiff claims it is not entitled to that status because it was not rendered on the merits.

The Second Circuit Court of Appeals, in *PRC Harris, Inc.* v. *Boeing Co.*, 700 F.2d 894 (2d Cir. 1983), held that the dismissal of an action in the United States District Court for the District of Washington on the basis that it was time-barred was an adjudication on the merits so as to preclude, by res judicata, relitigation of the same claim in a subsequent action in a New York District Court. The court stated that "[t]he longstanding rule in this Circuit . . . is that a dismissal for failure to comply with the statute of limitations will operate as an adjudication on the merits, unless it is specifically stated to be without prejudice." Id., 896. The dismissal of the plaintiff's prior suit was specifically stated to be with prejudice.

Our Supreme Court, in *Barber* v. *International Co.*, 74 Conn. 652, 656, 51 A. 857 (1902), stated that "[a] judgment of the Circuit Court of the United States for the southern district of California, stands in respect to its proof and also to its essential nature, in any court of Connecticut, on the same footing as if it had been rendered by another court of this State." It is settled law that "a judgment in a former action between the same parties and upon the same cause of action is conclusive upon the parties to a subsequent action as to every question which was or might have been presented or determined in the former action." *Lechner* v. *Holmberg*, 165 Conn. 152, 155–56, 328 A.2d 701 (1973), quoting *State ex rel. Campo* v. *Osborn*, 126 Conn. 214, 218, 10 A.2d 687 (1940).

It is clear, therefore, that the requirements of res judicata have been satisfied.

There is no error.

In this opinion the other judges concurred.