PAUL R. LEHTO *v.* ERIKA I. SPROUL
(4660)

HULL, BORDEN and DALY, Js.

Argued November 12, 1986—decision released January 13, 1987

*B. Paul Kaplan,* for the appellant (plaintiff).

*Richard J. Duda,* for the appellee (defendant).

DALY, J. The dispositive issue in this case is whether a litigant, after a final judgment on the merits of a contractual claim against the defendant, is barred by the principles of res judicata from thereafter pursuing a second cause of action, stemming from the same set of facts, against the same defendant. The present cause of action is in two counts, quantum meruit and implied contract. The plaintiff alleges that the defendant requested and was provided extra materials and labor which were not included in a written construction contract. That contract was the basis of an earlier suit by the plaintiff in which judgment was rendered for the defendant. The plaintiff alleged in this suit that these extras were not paid for and that, therefore, the defendant has been unjustly enriched to the detriment of the plaintiff. In the trial court, the defendant successfully moved for summary judgment on the ground of res judicata. The plaintiff appeals from that judgment. We find no error.

The facts are undisputed. The plaintiff constructed a home for the defendant. The plaintiff, on the basis of the written contract, sued for foreclosure of a

mechanic's lien, money damages, costs, and "any other remedy which may pertain at law or equity." Judgment was rendered in favor of the defendant, but no judgment file was prepared.

Thereafter, the plaintiff instituted this suit based on implied contract and quantum meruit. The defendant successfully pleaded res judicata and judgment was rendered in her favor. The plaintiff claims that the trial court erred in applying the doctrine of res judicata because the previous action was based on the legal principle of foreclosure of a mechanic's lien while this action is based on the equitable principles of implied contract and quantum meruit.

When it appears that there is no genuine issue of material fact remaining between parties, and that as a matter of law the moving party is entitled to judgment, it is appropriate for the trial court to render summary judgment. Practice Book § 384; *Burns* v. *Hartford Hospital,* 192 Conn. 451, 455, 472 A.2d 1257 (1984). The party who moves for summary judgment must demonstrate the absence of any issue of fact. Proof of this demonstrates that the movant is entitled, under applicable principles of substantive law, to judgment as a matter of law. This is a strict standard, forcefully applied. *D.H.R. Construction Co.* v. *Donnelly,* 180 Conn. 430, 434, 429 A.2d 908 (1980).

The rules of res judicata are based on the public policy that " 'a party should not be allowed to relitigate a matter which it already has had an opportunity to litigate.' " *Duhaime* v. *American Reserve Life Ins. Co.,* 200 Conn. 360, 364–65, 511 A.2d 333 (1986), quoting *In re Juvenile Appeal (83-DE),* 190 Conn. 310, 318, 460 A.2d 1277 (1983).

"The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is con-

clusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. . . . If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which *might have been* made." (Emphasis added; citations omitted.) *Wade's Dairy, Inc.* v. *Fairfield,* 181 Conn. 556, 559, 436 A.2d 24 (1980). Clearly, the claims raised by the plaintiff in this suit, could have been raised in the earlier suit.

The basic principle of res judicata is clearly described in Restatement (Second) of Judgments (1982). Section 18 (1) provides in pertinent part: "When a valid and final personal judgment is rendered . . . [t]he plaintiff cannot thereafter maintain an action on the original claim or any part thereof . . . ." Comment (a) to § 18 further explains: "When the plaintiff recovers a valid and final personal judgment, his original claim is extinguished and rights upon the judgment are substituted for it. The plaintiff's original claim is said to be 'merged' in the judgment." Our Supreme Court has traditionally approved and applied the doctrine of "merger." See *Duhaime* v. *American Reserve Life Ins. Co.,* supra, 364; *Gagne* v. *Norton,* 189 Conn. 29, 32, 453 A.2d 1162 (1983).

"Original claim" has been defined by the Restatement in § 24 (1) as follows: "[T]he claim [that is] extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Section 25 of the Restatement builds upon the principles of § 24, stating in pertinent part: "The rule of § 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) [t]o present evidence or grounds or theories of the

case not presented in the first action, or (2) [t]o seek remedies or forms of relief not demanded in the first action." This test measures the preclusive effect of an earlier judgment, and will exclude not only claims which were asserted but also those which could have been asserted. See *Duhaime* v. *American Reserve Life Ins. Co.,* supra, 365; *Corey* v. *Avco-Lycoming Divison,* 163 Conn. 309, 316–17, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973); *Seismograph Service (England), Limited* v. *Bolt Associates, Inc.,* 8 Conn. App. 446, 451, 513 A.2d 180 (1986); *Tucker* v. *Crikelair,* 4 Conn. App. 150, 151, 493 A.2d 247, cert. denied, 196 Conn. 813, 494 A.2d 908 (1985).

The cause of action now asserted by the plaintiff is the same "original claim" as that which he relied upon in the foreclosure of the mechanic's lien suit and hence is barred by the doctrine of res judicata.

The plaintiff further claims that the foreclosure of the mechanic's lien action was not a final judgment since no judgment file was prepared. Our Supreme Court has recently stated that "[t]he judgment file is merely a clerical document . . . as the pronouncement by the court . . . is the judgment." *Lucisano* v. *Lucisano,* 200 Conn. 202, 206, 510 A.2d 186 (1986); see also *Howarth* v. *Northcott,* 152 Conn. 460, 462, 208 A.2d 540 (1965). Thus, this claim of error is without merit.

There is no error.

In this opinion the other judges concurred.