LEONARD LABIENIEC *v.* EDWARD NICHOLS ET AL.
(6943)

DuPONT, C. J., STOUGHTON and JACOBSON, Js.

Argued February 10—decision released April 11, 1989

*F. Timothy McNamara,* for the appellant (plaintiff).

*Lois Tanzer,* with whom, on the brief, were *Donald W. O'Brien* and *Jeffrey F. Lahr,* for the appellee (defendant Robert D. Langmann).

DuPONT, C. J. The dispositive issue in this appeal is whether a litigant, after a final judgment on the merits of a claim sounding in tort against a defendant, is barred by the principles of res judicata from thereafter pursuing a second cause of action, sounding in contract, stemming from the same set of facts, against the same defendant. In the present action, the plaintiff alleges that the defendants breached a contract with the plaintiff's employer and that this breach resulted in injury to the plaintiff, an alleged third party beneficiary of

that contract. The defendant Robert D. Langmann[1] successfully moved for summary judgment on the ground of res judicata. The plaintiff appeals from that judgment. We find no error.

The facts are undisputed. The plaintiff previously sued the defendant Langmann, and others not parties to the present appeal, for their alleged malpractice in failing to diagnose the plaintiff's cancer. Although the trial court determined in that action that the defendants had been negligent, it directed the jury to return a verdict in favor of the defendants on the ground that the evidence presented was not sufficient to establish that their negligence was the proximate cause of any injury to the plaintiff. On the plaintiff's appeal to this court we found no error. *Labieniec* v. *Baker,* 11 Conn App. 199, 526 A.2d 1341 (1987).

The cause of action now asserted by the plaintiff is the same "original claim" as that upon which he relied in his first action. The Restatement (Second), Judgments § 24, provides that "the claim [that is] extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What factual grouping constitutes a 'series' is to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." In amplification of this definition of "original claim," § 25 of the Restatement states that "[t]he rule of § 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second

---

[1] As used in this opinion, the word "defendant" applies to Langmann. The appeal as to Edward Nichols, the named defendant, was withdrawn on July 18, 1988.

action (1) [t]o present evidence or grounds or theories of the case not presented in the first action, or (2) [t]o seek remedies or forms of relief not demanded in the first action." Restatement (Second), Judgments § 25.

The transactional test of the Restatement provides a standard by which to measure the persuasive effect of a prior judgment, which our Supreme Court has held "include[s] 'any claims relating to the cause of action which were actually made or might have been made.' " *Duhaime* v. *American Reserve Life Ins. Co.*, 200 Conn. 360, 365, 511 A.2d 333 (1986), quoting *Corey* v. *Avco-Lycoming Division*, 163 Conn. 309, 317, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973); see also *Lehto* v. *Sproul*, 9 Conn. App. 441, 443–45, 519 A.2d 1214 (1987). Clearly, the claim raised by the plaintiff in this court could have been raised in the earlier suit.

There is no error.

In this opinion the other judges concurred.