[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
By complaint filed on April 13, 1993, the plaintiff, Eugene Rourke, d/b/a Gene's Refrigeration, alleges that he was CT Page 10825 hired by the defendant, Calvin Bronerwine, to install air conditioning and heating units at the defendant's business premises situated at 747 West Thames Street, Norwich, Connecticut. The plaintiff further alleges that on April 12, 1990, during the course of installing duct work and insulating the ceiling, the ceiling collapsed, causing the plaintiff to fall twelve feet to the concrete floor below. The plaintiff alleges that as a result of the negligence and carelessness of the defendant, the plaintiff sustained numerous physical injuries.
On September 15, 1993, the defendant filed a motion for summary judgment and an accompanying memorandum of law. In support of his motion, the defendant has also filed the affidavit of Calvin Bronerwine. In that affidavit, Mr. Bronerwine asserts that he was the plaintiff in the matter captioned Bronerwine v. Rourke, and that in that case, judgment was entered in his favor. Mr Bronerwine also asserts that the present action and the case of Bronerwine v. Rourke arise out of the same series of facts and involve the same parties. Additionally, the defendant has filed the complaint and the judgment from the case of Bronerwine v. Rourke in support of his motion.
On October 6, 1993, the plaintiff filed an objection to the defendant's motion for summary judgment. In support of his objection to the defendant's motion, the plaintiff has also filed the affidavit of Eugene Rourke. In that affidavit, Mr. Rourke states that had he asserted any counterclaims or special defenses in the case of Bronerwine v. Rourke, he would not have alleged the personal injuries that he sustained on the defendant's premises.
Pursuant to Practice Book 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Scinto v. Stamm, 224 Conn. 524, 530,620 A.2d 99 (1993). "[A motion for summary judgment] should be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Orenstein v. Old Buckingham Corporation, 205 Conn. 572, 574,534 A.2d 1172 (1987). The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when CT Page 10826 there is no real issue to be tried. Wilson v. New Haven,213 Conn. 277, 279, 567 A.2d 829 (1989). The issue of res judicata is properly raised by a motion for summary judgment. Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687,490 A.2d 509 (1985).
The defendant argues that the plaintiff is precluded from pursuit of the present litigation by virtue of the doctrine of res judicata. The defendant maintains that any claims alleged by the plaintiff in the present case could have been alleged in the prior action between the parties. The defendant argues that the November 5, 1990 action arose out of the same series of transactions as the present action.
On or about November 5, 1990, Calvin Bronerwine, the defendant in this action, sued Gene Rourke, the plaintiff in this action, for breach of a construction contract. The complaint filed in that action refers only to a construction contract between the parties and the alleged breach of that construction contract. The complaint makes no reference to any injuries sustained by the defendant on the premises. Mr. Rourke was defaulted and judgment was entered on June 6, 1991.
Claim preclusion, or res judicata, prevents a litigant from reasserting a claim that has already been, or might have been, decided on the merits. Commissioner of Environmental Protection v. Connecticut Bldg. Wrecking Co., 227 Conn. 175,188, 629 A.2d 1116 (1993). Res judicata, as a judicial doctrine, should be applied as necessary to promote its underlying purposes. State v. Ellis, 197 Conn. 436, 465,497 A.2d 974 (1985). "These purposes are generally identified as being `(1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose by preventing a person from being harassed by vexatious litigation.'" Id., 465-66.
The defendant's relies on the court's analysis in Labieniec v. Nichols, 18 Conn. App. 117, 556 A.2d 635 (1989), in support of his argument that this action is barred. In Labieniec, the plaintiff sought to recover damages as a third party beneficiary for the alleged breach by the defendants of a contract to provide medical services to the plaintiff's employer. Id. The court found no error in the trial court's granting of the motion for summary judgment filed by one CT Page 10827 defendant on the ground of res judicata stemming from the plaintiff's unsuccessful medical malpractice action against the defendants. Id. In Labieniec, however, the contract and tort actions arose from the same set of facts — the consequences of the defendant's alleged failure to diagnose the plaintiff's cancer. Id. In the present case, the defendant has not proven as a matter of law that the contract and tort actions arise from the same set of facts. In his affidavit attached to the plaintiff's opposition to the defendant's motion for summary judgment, Rourke states that were he to have asserted counterclaims and special defenses in the earlier action, he would have asserted that because Bronerwine did not allow him on the premises to complete the contract, he did not breach his contract. The transaction out of which the earlier action arose is a contract between the parties. It is not alleged anywhere in the pleadings that the alleged breach of contract had anything to do with the injuries sustained by Mr. Rourke as a result of a ceiling collapse. The only apparent connection between the two claims is that the alleged injuries occurred while Mr. Rourke was on the job site by virtue of the contract between the parties.
The Labieniec court stated:
 The cause of action now asserted by the plaintiff is the same "original claim" as that upon which he relied in his first action. The Restatement (Second), judgments 24, provides that "the claim [that is] extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What factual grouping constitutes a `series' is to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." In amplification of this definition of "original claim," 25 of the Restatement states that "[t]he rule of 24 applies to CT Page 10828 extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) [t]o present evidence or grounds or theories of the case not presented in the first action, or (2) [t]o seek remedies or forms of relief not demanded in the first action." The transactional test of the Restatement provides a standard by which to measure the persuasive effect of a prior judgment, which our Supreme Court has held includes any claims relating to the cause of action which were actually made or might have been made.
(Citations and internal quotation marks omitted.) Labieniec v. Nichols, supra, 118.
In the present case, the defendant has not proven as a matter of law that the cause of action now asserted by the plaintiff is the same "original claim" as that upon which he relied in his first action. The defendant has not shown that second cause of action attempting to be brought by the plaintiff stems from the same set of facts. Consequently, the doctrine of res judicata does not apply to the plaintiff's present tort claim. Therefore, because the defendant has not demonstrated that he is entitled to judgment as a matter of law, the defendant's motion for summary judgment is denied.
Austin, J.