[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court on the motion of Jean E. Clement to intervene as a party plaintiff in a complaint brought by Frank J. Giron, who alleges the existence of a class of individuals who have suffered losses as a result of violations of the federal Truth in Leasing Act, 15 U.S.C. § 1640 and the Connecticut Unfair Trade Practices Act ("CUTPA"). The defendants are Milford Gateway, Inc. ("Milford") American Honda Finance Corporation ("AHFC") and American Honda Motor Co., Inc. ("AHMC").
The proposed intervenor has not filed a proposed complaint but alleges in her motion to intervene that she "seeks to join in the CT Page 2325 claims made by Mr. Giron in Counts I, II, IV and V of the First Amended Complaint as to defendant American Honda Finance Corporation" and that she seeks to represent the alleged class of plaintiffs as to claims against American Honda Finance Corporation arising under the federal Consumer Leasing Act.
The defendants, Milford Gateway, Inc. d/b/a Acura of Milford, American Honda Finance Corporation and American Honda Motor Company, Inc., have objected to Ms. Clement's motion to intervene.
In Count I of the First Amended Complaint, the plaintiff alleges that he entered into a transaction with defendant Milford on September 28, 1991 in which he agreed to lease a 1991 Acura Legend that did not operate properly; that defendant Milford never put the car into satisfactory running order; and that he traded it in to another dealer which paid off the lease agreement, creating a loss to Giron. Giron claims that the "form contract and disclosure statement attached to the complaint as Exhibit A does not comply in several respects with the requirement of 15 U.S.C. § 1640." (Complaint, Count 1, para. 14).
The defendant contends that Counts I and IV were dismissed by the federal court while the case was in that forum on removal. Examination of the ruling of U.S.D.J. Alfred V. Covello, dated August 15, 1994, reveals that the first count was dismissed because plaintiff Giron's transaction was found to exceed $25,000., the limit for a claim based on the Consumer Leasing Act pursuant to15 U.S.C. § 1667 (i); 12 C.F.R. § 213.2 (a)(6). The federal court's dismissal of Count I was therefore substantive, and that count is no longer before this court upon remand because of the doctrines of res judicata and issue preclusion. Upjohn Co. v. Planning ZoningCommission, 224 Conn. 82, 93 (1992); Tucker v. Crikelair, 4 Conn. App. 150,151, cert. denied, 196 Conn. 813 (1985).
Count Four of the complaint, in which the specific lease contract entered into by plaintiff Giron (as opposed to the form of the contract) was alleged to violate the Consumer Leasing Act, was likewise dismissed because the claim exceeded the limits of transactions made actionable by the statute.
Because the claims set forth in Counts I and IV have been dismissed, the movant cannot be granted leave to intervene as a party plaintiff as to those claims.
In Count II of the amended complaint, plaintiff Giron alleges CT Page 2326 that the conduct of the defendants with regard to his transaction with defendants Milford and AHFC violated CUTPA by failing adequately to disclose charges for default and/or early termination in the form used for the lease.
The defendants claim that because the proposed intervenor has not alleged that she entered into a lease transaction with Milford Gateway, Inc., she has failed to demonstrate that she has standing to join the claim made on behalf of the alleged claims in Count II of the amended complaint. This court takes judicial notice of the order of the United States District Court for the Central District of California in Jean E. Clement v. American Honda FinanceCorporation, CV 94-3307 DT (BQRX), in which the CUTPA claim of the proposed intervenor was noted to involve a lease not with Milford but with Trans Oceanic Motors, Ltd. of Groton, Connecticut.
The proposed intervenor evidently contends that the same AHFC form was used in her transaction as in Giron's.
The claimed circumstance that the same allegedly unfair or deceptive form was allegedly furnished to and used by two separate dealerships in Connecticut by defendant AHFC does not demonstrate a lack of standing to challenge the form as a deceptive act of defendant AHFC. The fact that the claim of the proposed intervenor does not also extend to Milford merely limits her potential recovery to defendant AHFC but does not impermissibly extend the claims to different forms and different issues.
Practice Book § 87 authorizes a class claim to be asserted by "[o]ne or more members of a class." Accordingly, the status of the proposed intervenor as a member of the class described by Giron is not a reason to deny her motion to intervene.
The defendants' objection of lack of standing is, however, valid as to the proposed intervention of the movant as to Count V of the amended complaint. In that count, Giron asserts that his individual transaction with the defendant violated CUTPA. The proposed intervenor has not claimed to have been a party to that transaction or to have suffered any ascertainable loss arising from that transaction. Accordingly, she lacks standing to intervene in the claims set forth in Count V.
Since the proposed intervenor does not seek to intervene as to any other counts of the complaint, no further analysis is necessary. CT Page 2327
The motion of Jean Clement to intervene is denied as to Counts I, IV and V and granted as to Count II only, and only as to the claims made against AHFC. This court's ruling allowing the movant to intervene as to the indicated claim in the present amended complaint does not authorize the addition of any new parties defendant in connection with the claims made in Count II.
Beverly J. Hodgson Judge of the Superior Court