[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 3106
On November 17, 1994, the plaintiffs, Louise and Willie Carr, filed this action against the defendant, Century 21 Real Estate Corp. (Century 21), to recover for injuries sustained by Louise Carr when she allegedly fell while exiting a building in West Haven. The plaintiffs allege that the incident occurred on December 27, 1989, and that the building in question was controlled by Century 21 and its agents.
The incident that serves as the basis for the present action was also the basis for an action that was filed by the plaintiffs in 1991. Century 21 was a party defendant in that action (original action), captioned Carr v. DeLisle, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 291144. In the original action, on May 20, 1994, the court, Hauser, J., granted summary judgment in favor of Century 21. The plaintiffs now purport to bring the present action pursuant to the accidental failure to suit statute, General Statutes § 52-592.
On February 24, 1995, Century 21 filed an answer and raised the following special defenses: (1) expiration of the statute of limitations; (2) res judicata; and (3) contributory negligence. Also on this date, Century 21 filed a motion for summary judgment and a memorandum of law. Century 21 moves for summary judgment on the ground that the plaintiffs cannot avail themselves of § 52-592 because judgment on the merits entered in the original action, and therefore, the original action did not fail based on a matter of form. Century 21 also moves for summary judgment on the ground that the judgment in the original action constitutes res judicata in the present action. The plaintiffs filed a memorandum in opposition at short calendar on March 20, 1995.
Practice Book § 384 provides that summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507
(1994).
General Statutes § 52-592 provides in pertinent part that:
 (a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident . . ., or because the action has been CT Page 3107 dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form . . ., the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action. . . .
(Emphasis added.) This statute was enacted to avoid the hardships arising from an unbending enforcement of the statute of limitations.Ross Realty Corporation v. Surkis, 163 Conn. 388, 392, 311 A.2d 74
(1972). Section 52-592, "is designed to prevent a miscarriage of justice if the plaintiffs fail to get a proper day in court" due to one or more of the various procedural problems enumerated in the statute.Legassey v. Shulansky, 28 Conn. App. 653, 659, 611 A.2d 930 (1992). While § 52-592 "`is a remedial statute and is to be liberally interpreted;"' Issac v. Mount Sinai Hospital, 210 Conn. 721, 728,557 A.2d 116 (1989); the statute cannot be used when there has been a valid judgment on the merits after full and fair hearing. Hughes v. Bemer,206 Conn. 491, 495, 538 A.2d 703 (1988); Legassey v. Shulansky, supra,28 Conn. App. 659. "We discern no intent to create an exception to the principles of res judicata that require, at some point, an end to litigation." Hughes v. Bemer, supra, 206 Conn. 495, citing Stocking v.Ives, 156 Conn. 70, 73, 238 A.2d 421 (1968).
On May 20, 1994, the court, Hauser, J. entered summary judgment in favor of Century 21 in the original action. Such a judgment constitutes a judgment on the merits.[1] The plaintiffs do not claim that they were denied a full and fair hearing in connection with the motion for summary judgement filed in the original action. The entry of summary judgment is not one of the "procedural problems" listed in § 52-592, nor can it be construed as a failure to reach the merits of the case "for any matter of form." Thus, the plaintiffs cannot avail themselves of § 52-592 in attempting to assert their present claims.
The plaintiffs further argue that because they have added new allegations to the present action (i.e., that Century 21, as principal, controlled the premises and owed a duty to the plaintiffs), they may nevertheless avail themselves of § 52-592. The plaintiffs contend that because of these new allegations, the summary judgment that entered in the original action is not a final judgment for purposes of the present action.
"The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such action that were actually made or that might have beenmade." (Emphasis added.) Legassey v. Shulansky supra, 28 Conn. App. 656, CT Page 3108 citing Gagne v. Norton, 189 Conn. 29, 32, 453 A.2d 1162 (1983). The doctrine of res judicata applies "even though the plaintiff is prepared in the second action . . . [t]o present evidence or grounds or theories of the case not presented in the first action . . ." Labieniec v.Nichols, 18 Conn. App. 117, 118-19, 556 A.2d 635 (1989). The plaintiffs' agency allegations could have been raised in the original action.
Furthermore, § 52-592(a) provides in pertinent part that "the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . . ." (Emphasis added.) By adding new allegations of liability based on an agency theory, the plaintiffs are not commencing "a new action for the same cause." The plaintiffs' new allegations change the cause of action and this change prevents them from using § 52-592 to commence the present action. Therefore, General Statutes § 52-592 is not applicable to the present case and the plaintiffs' action is barred by the doctrine of res judicata.
Century 21's motion for summary judgment is granted.
BALLEN, JUDGE