[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The plaintiffs have filed a two count complaint in which they claim an interest by way of a life estate in property located at 250 Kenyon Street in Hartford foreclosed upon by the City of Hartford and redeemed by the defendant, The Savings Institute. (City of Hartford v. Kenyon Manor, Inc., et al, Superior Court Judicial District of Hartford/New Britain at Hartford, CV93-0519976).
In that action the plaintiffs were not parties thereto. They filed motions to set the judgment aside and to reopen, both of which were denied. That judgment became final and the defendant herein, upon title vesting in it, filed a separate action seeking summary process for possession of the premises in question.
Although the plaintiffs appealed the foreclosure action, that appeal was dismissed (because the plaintiffs lacked standing) the plaintiffs never having moved to become parties to that foreclosure action.
The summary process action in which the plaintiffs asserted a defense that they had a life tenancy was tried in the Housing Court. In that court a finding was made that the plaintiffs had no life estate in the property and granted possession to the defendants.
The plaintiffs, in this action, seek a remedy pursuant to General Statutes §§ 49-30[1] (first count) and 49-15[2] (second count). In effect the plaintiffs are asking this court to award them a law day in the foreclosure action or open the judgment in that case by this action which collaterally attacks it.
Although the defendant's claim in this motion is more properly that which should be made as a motion for summary judgment, it may also be considered under a motion to dismiss since it is supported by appropriate affidavit(s). Amore v.Frankel, 228 Conn. 358, 366 (1993), Barde v. Board ofTrustees, 207 Conn. 59, 62 (1988).
The defendants claim that there is no cognizable cause of action in this case because the issues raised herein have previously been decided. Wilson v. Kelley, 224 Conn. 100
(1992). In essence, the defendants assert that the plaintiffs have no standing to bring this action because the issue of CT Page 5707 their interest in this property has previously been decided and they are precluded from asking this court to again decide the issue under the doctrine of res adjudicata.
This court agrees with the defendant that both counts should be dismissed on the grounds of res adjudicata. P.B. § 143(1) lack of jurisdiction over the subject matter.
Our courts have long held that "an existing final judgment upon the merits without fraud or collusion by a court of competent jurisdiction is conclusive of causes of action and of facts or issues thereby litigated as to the parties . . ." Wade's Dairy, Inc. v. Fairfield, 181 Conn. 556, 559
(1980). A party cannot be allowed to relitigate a matter which it already had an opportunity to litigate. Duhaime v.American Resume Life Ins. Co., 200 Conn. 360, 364-65 (1986),Fehto v. Sproul, 9 Conn. App. 441, 443 (1987).
The parties' claims held to have been extinguished include all rights to remedies to all or any part of a transaction or connected transaction out of which the action arose. Restatement (Second) of Judgments (1982) Secs. 18(1), 24(1).
In this case, it is clear that in the summary process action, (Savings Institute v. Herbert Farrah, et al, Superior Court Judicial District of Hartford/New Britain at Hartford CV-94-0374946, Holzberg, J.), the court found that the defendants have no life estate in the Kenyon Street property. Their counsel, at that time, acknowledged on the record (Trans. PP 77-78) that if the life estate claim was not valid there would be no argument as to the lien's existence in the foreclosure case.
The court finds that the question the plaintiffs now seek to litigate has been decided in the summary process action, and in accordance with our case law, that claim has been extinguished.
Since the plaintiffs have no valid interest in the property, they have no claim under General Statutes § 49-30 or § 49-15.
Furthermore, their action under § 49-15 in the second count should more properly be attacked by a motion to open in CT Page 5708 the foreclosure case. This count is invalid since the statute only applies to opening the judgment in the foreclosure case. The court has no jurisdiction to afford that relief since the law days have passed. Farmers Mechanics Savings Bank v.Sullivan, 216 Conn. 341 (1990).
Defendant's Motion to Dismiss is granted.
Freed, J.