[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this action, the plaintiff seeks contractual damages from the defendants[1] arising under a lease. The complaint alleges that the defendants failed to make payments due pursuant to the lease for a period of approximately a year, from December, 1994 to December, 1995, when the premises were allegedly relet. The defendant, in turn, claims various damages by way of a counterclaim, which alleges that the plaintiff breached the lease in several ways. The defendant also alleges a setoff, in that the plaintiff allegedly owes the defendant $2300 from a previous judgment.
The defendant also claims that the previous judgment operates as a bar to this action under principles of res judicata. The court has examined the prior action, entitled Building ManagementServices v. Farhad, No. CVH 5294. In this action, the same plaintiff alleged that the same defendants failed to make rental payments under the same lease, and sought damages. Virtually identical claims were made by the defendants as well. After a trial, Judge DiPentima, on August 16, 1996, denied recovery for damages under the lease on the ground that no rental payments could be due after the lease was terminated by service of the notice to quit[2], and she found property damage in the amount of $800. She found that the defendants had proved that the plaintiff breached the lease but had proved no damages in that regard. She did find that the plaintiff had failed to return the security deposit of $3100; the net judgment in favor of the defendants was $2300.
The plaintiff moved for reconsideration of the court's decision; the motion was denied without comment. There was no appeal taken from the prior judgment. CT Page 7614
The only significant difference between the complaint in the prior case and the complaint in the instant case is that while the prior case claimed damages because rental payments weren't made, the present case claims damages because contractual payments weren't made. The reason for the difference in language is an apparent effort to comply with the court's distinction in the prior decision, and, therefore, to claim recovery under a different theory than that used in the prior case. The defendant claims that principles of res judicata bar the claim, even if it is brought under a different theory.
First, it should be noted that the court at this point is not and cannot be concerned with any reconsideration of Judge DiPentima's decision. That decision is now final and binding, and, as it involves the same parties and the same transaction, the principles of res judicata come into play:
 The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. . . If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made. Wade's Dairy, Inc. v. Fairfield, 181 Conn. 556, 559, 436 A.2d 24 (1980). Lehto v. Sproul, 9 Conn. App. 441, 443-44 (1987).
 Lehto goes on to discuss the theoretical underpinnings of the doctrine of claim preclusion: a judgment is deemed to constitute a merger of not only the precise claim stated in the prior action, but also those which could have been asserted. See, e.g., Restatement (Second), Judgments, §§ 18-25. One of the policy considerations behind the merger doctrine is that piecemeal litigation is to be avoided: a persistent though perhaps not very efficient litigator could, in the absence of the merger doctrine, try a series of different theories of recovery.[3]
The facts of Lehto are also remarkably similar to those in this case. There, the first case was brought on a theory of foreclosure of a mechanic's lien, while the second action was brought on theories of implied contract and quantum meruit. Otherwise, the parties and the transaction were the same. In the CT Page 7615 case at hand, the first action was brought for rental amounts due, and this action is brought on the more general claim of contractual damages; otherwise, the parties and the transaction are the same. There is no functional difference between the cases.
The plaintiff cites Mazziotti v. Allstate Ins. Co.,240 Conn. 799 (1997), for the proposition that res judicata bars subsequent identical claims, and the case at hand asserts a different claim than that asserted in the first action. Mazziotti on its terms, of course, involves issue preclusion, or collateral estoppel, rather than claim preclusion, or res judicata. Under principles of res judicata, the claims are merged and thus preluded.Mazziotti does not hold to the contrary.
The defendant's claims of recovery are, of course, also barred in this second action. To the extent that the defendant may be seeking recovery of the $2300 apparently outstanding from the prior action, any action in the framework of this case would be inappropriate. That judgment stands on its own, and any enforcement action should be taken within the context of the prior case.
Judgment may enter in favor of the defendant on the complaint and in favor of the plaintiff Building Management on the counterclaim.
Beach, J.