[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANTS' COUNTERCLAIM
Plaintiff Ear, Nose and Throat Group, P.C. (ENT) has brought this action against the Defendants Stella Stanescu and Gabriel Stanescu for medical services provided to Stella Stanescu. The medical services involved nasal surgery performed on her by Plaintiffs employee, Dr. Michael J. Franklin, in January, 1993. Subsequently, Stella Stanescu brought an action against Dr. Franidin seeking damages for alleged malpractice concerning that surgery.[1] That action concluded with judgment being entered in favor of Dr. Franidin pursuant to a directed verdict.
The Defendants have now in this action asserted a counterclaim against the Plaintiff claiming a breach by the Plaintiff of a promise or promises allegedly made by Dr. Franklin to Stella Stanescu in connection with that January, 1993, surgery.[2] The Plaintiff has filed this motion for summary CT Page 7114 judgment asserting that the counterclaim is barred by the doctrines of res judicata and/or collateral estoppel.
Res judicata refers to the concept of claim preclusion, while collateral estoppel refers to the concept of issue preclusion. See Jackson v. R. G. Whipple, Inc., 225 Conn. 705, 712 (1993). These concepts "have been described as related ideas on a continuum." Cochiere v. Board of Education, 227 Conn. 333, 343
(1993). They "express no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest." State v. Ellis, 197 Conn. 436, 465
(1985). "The process of defining the claim., is thus aimed at defining the matters that both might and should have been advanced in the first litigation." (Citation omitted; emphasis in original; internal quotation marks omitted.) Id.
The operative effect of the principle of claim preclusion is to preclude relitigation of the "original claim." Duhaime v.American Reserve Life Ins. Co., 200 Conn. 360, 364 (1986). Duhaime states this principle as follows:
 The Restatement (Second) Judgments provides, in § 24, that "the claim [that is] extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What factual grouping constitutes a "transaction,' and what groupings constitute a "series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convement trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."
Id., 364-65.
The transactional test provides the standard by which to measure the preclusive effect of a prior judgment. The preclusive effect includes" "any claims relating to the cause of action which were actually made or might have been made.'" (Emphasis added.) Duhaime v. American Reserve Life Ins. Co., supra,200 Conn. 365, quoting Corey v. Avco-Lycomin Division, 163 Conn. 309,317 (1972), cert. denied, 409 U.S. 1116, 93 S.Ct. 903,34 L.Ed.2d 699 (1973). "[T]he appropriate inquiry with respect to [claim] preclusion is whether the party had an adequate opportunity, to CT Page 7115 litigate the matter in the earlier proceeding. . . ." (Emphasis in original; internal quotation marks omitted.) Joe's Pizza, Inc.v. Aetna Life Casualty Co., 236 Conn. 863, 872 (1996), quotingJackson v. R. G. Whipple. Inc., supra, 225 Conn. 7 17-18.
In accordance with this test, Duhaime v. American ReserveLife Ins. Co., supra, 200 Conn. 360, held that an action claiming a violation of the Connecticut Unfair Trade Practices Act (CUTPA) was barred by the doctrine of res judicata because the CUTPA claim arose out of the same transaction as a prior breach of contract action brought by the same plaintiff against the same defendant in which the plaintiff prevailed. Likewise, Labiemec v.Nichols, 18 Conn. App. 117 (1989), held that after a final judgment on the merits of a claim sounding in tort, a subsequent action by the same plaintiff against the same defendant, sounding in contract and stemming from the same set of facts, was barred by the principles of res judicata. As in the action now before this Court, the first action in Labieniec, resulting in judgment for the defendant, involved a claim of medical malpractice, while the second action involved a claim that the plaintiff was a third party beneficiary of a contract to provide medical services between the defendant and the plaintiffs employer, allegedly breached by the defendant.
It is clear, therefore, that a subsequent action brought by the same plaintiff against the same defendant arising out of the same transaction or underlying factual grouping as a prior action brought by that plaintiff against that defendant is barred by the judgment in the prior action with respect to any claim which was made or might have been made in that prior action. A review of the contract counterclaim presently at issue before this Court and the complaint in the prior malpractice action indicates that both arise out of the same transaction or factual grouping, namely that respecting the January, 1993, surgery and matters incident thereto. The allegations are virtually identical, the only ostensible difference being that the prior action claimed malpractice by Dr. Franklin, while the present counterclaim claims that his employer, ENT, is bound by the failure of Dr. Franidin to fulfill promises allegedly made by him.
Both the prior malpractice action and this contract claim involve only alleged acts or omissions of Dr. Franklin. In their counterclaim, the present Defendants have claimed no act or omission by the Plaintiff ENT or any of its other employees that is independent of actions or promises allegedly taken or made by CT Page 7116 Dr. Franklin. This case, therefore, is virtually identical toLabieniec v. Nichols, supra, 18 Conn. App. 117. Both this case and Labieniec involve a prior medical malpractice action and a subsequent contract claim arising out of the same underlying transaction or factual grouping. The only difference is that while Labieniec involved the same parties in both actions, those in this case involve the employee, Dr. Franidin, in the prior malpractice action, and his employer, ENT, in this action.
The doctrines of res judicata and collateral estoppel apply both to the parties in the original action and to those in privity with them. See Slattery v. Maykut, 176 Conn. 147, 156
(1978), citing Corey v. Avco-Lycomin Division, supra,163 Conn. 317. The issue, then, is whether Dr. Franidin and ENT are in privity with each other. If so, the present counterclaim is barred by the judgment in the prior malpractice action.
"A key consideration in determining the existence of privity is the sharing of the same legal right by the parties allegedly in privity." (Internal quotation marks omitted.) Aetna Casualty Surety Co. v. Jones, 220 Conn. 285, 304 (1991) (party insured and administrator of his victim's estate held to be in privity for purposes of application of policy exclusion).
 As we have recognized, the concept of privity has moved away from the conventional and narrowly defined meaning of mutual or successive relationships to the same rights or property. It now signifies a relationship between one who is a party of record and another who is a nonparty, but is sufficiently close to mandate the application of res judicata or collateral estoppel.
Mazziotti v. Allstate Ins. Co., 240 Conn. 799, 813 n. 12 (1997). Mazziotti held that there is no privity between the plaintiffs insurer and the underlying tortfeasor in the context of an uninsured motorist policy claim, as the insurer and the tortfeasor do not share the same legal right. Id., 817. In that context, there is no identity of interest.
Where, however, the liability of a party is derivative of or predicated upon the liability of a primary party with whom it has an identity of interest, the parties share the same legal right. There is privity. Therefore, if the primary party is held to be not liable, so must the other party who shares the identity of interest. See Eckleberry v. Kaiser Foundation Northern Hospitals, CT Page 7117359 P.2d 1090 (Oregon, 1961) (physician employee and hospital employer in medical malpractice case); Simpson v. Townley,283 F.2d 743 (10th Cir. 1960) (employee motor vehicle operator and his employer); Good Health Dairy Products Corporation v. Emery,275 N.Y. 14, 9 N.E.2d 758 (1937) (operator and owner of motor vehicle).[3]
The concept of privity was applied in Corey v. Avco-LycomingDivision, supra, 163 Conn, 309. In the initial action, Barbara Corey was a grievant in a proceeding before a board of arbitration authorized under the terms of the subject collective bargaining agreement. She claimed that her discharge by the defendant was discriminatory on religious grounds. Her grievance was presented and conducted by her union. The board's decision denying her grievance was later confirmed by order of the Superior Court. In this second action, Barbara Corey in her own name filed a complaint alleging the same ground of discrimination with the Commission on Human Rights and Opportunities (CHRO).[4]
Subsequent to the confirmation of the arbitration decision, a hearing tribunal of the CHRO ruled that there was discrimination, and made appropriate orders. The trial court sustained the defendant's appeal from the CHRO ruling.
The trial court decision was affirmed. The Supreme Court ruled that "[w]hile the arbitration was conducted by the union, there can be no question that privity existed between [Corey] and the union [so that there] was, therefore, an identity of parties." Corey v. Avco-Lycoming Division, supra,163 Conn. 319-20. Accordingly, under the doctrine of collateral estoppel, the ruling by the board of arbitration that there was no religious discrimination was binding on the CHRO.
The preclusionary factors are here present. Only alleged acts or omissions of Dr. Franklin are in issue. There is an identity of interest and privity between ENT and Dr. Franklin, such that had ENT also been a party defendant in the malpractice action, the verdict in favor of Dr. Franklin would have required a like verdict in favor of ENT. The contract claim arises out of the same transaction and factual grouping as that in the malpractice action.
The proper documentation regarding the malpractice action has been submitted. The material facts recited herein are not in dispute. Summary judgment must be granted if the documents and other proof submitted show that there is no genuine issue as to CT Page 7118 any material fact and that the moving party is entitled to judgment as a matter of law. See Suarez v. Dickmont PlasticsCorp. , 229 Conn. 99, 105 (1994). Such is the case here.
The motion for summary judgment is granted.
David L. Fineberg, Superior Court Judge