[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPEAL
In this appeal from the decision of the Family Support Magistrate dated December 10, 1998, the defendant/appellant asserts that the magistrate (Honorable Ronald Sullivan) erred in sustaining the objection of the State of Connecticut to the defendant's motion to open judgment dated August 11, 1998 on the ground of res judicata. The court finds that the decision of the magistrate was final, that the defendant is aggrieved, that the appeal is timely, and this court has jurisdiction to hear it. Connecticut General Statutes, Section 46b-231.
The action was commenced on January 26, 1996 by a paternity petition brought by the Commissioner of Social Services in the name of the plaintiff alleging that the defendant was the father of twin boys, Michael Eason, Jr. and Malek Eason, who were born August 24, 1995 to Ms. Ridley. The defendant appeared and on April 30, 1996 acknowledged paternity in open court after having waived his right to an attorney, his right to have genetic testing performed, and his right to a trial before the court or a jury. Transcript, 4.30.96, pp. 2-3. At the conclusion of that hearing, the court determined an arrearage to the state, but did not enter any periodic support orders after Ms. Ridley testified that the defendant made regular contributions to her for the benefit of the children.
Thereafter, on April 27, 1998, the defendant filed a Motion CT Page 11992 to Open Judgment, asserting as the reason the following:
 Ms. Ridley recently admitted to having sexual relations with other unknown individuals other than myself on or about the time of conception. Therefore there is a strong possibility that I am not the biological father. Please proceed accordingly. I Michael W. Eason now request a paternity test.
The motion was heard before the court (Honorable Paul Matasavage, Family Support Magistrate) on May 19, 1998 and denied after an evidentiary hearing. No appeal was taken.
On July 22, 1998, the defendant filed the instant Motion to Open Judgment, asserting as follows:
 Ms. Ridley recently admitted to having sexual relations with other unknown individual other than myself. I Michael W. Eason is excluded as the biological father based on testing obtained from DNA.
In addition, the defendant filed a motion dated September 30 for modification, alleging that there was a substantial change in circumstances because DNA testing had established that he was not the biological father of the children. Both motions were assigned for a special hearing on November 12, 1998. Just prior to that hearing, the defendant obtained an attorney who on November 11, 1998 filed a motion to suspend support, pendente lite, and for paternity testing. The motion recited that the DNA test that the defendant had obtained establishing that he was not the father was attached.[1]
The case was continued to December 10, 1998, when the defendant and his attorney appeared together with Ms. Ridley and a witness from Hartford Medical Labs. Before testimony was taken, the state indicated that there had been "a hearing in fraud on a motion to open, that was already heard, testimony taken, and denied." Transcript, 12.10.98, p. 3. The state did not file a motion to dismiss or an objection to the motion to reopen, but the court treated the state's oral motion as a motion to dismiss or objection to motion to reopen based upon res judicata. Transcript, 12.10.98, p. 6. The court ruled, "I can't hear this, it's res judicata, objection sustained."
Res judicata is a doctrine adopted by our courts to promote judicial economy, public policy, and the substantive rights of CT Page 11993 parties. Our Supreme Court has written that "it is inappropriate to condone a procedure which would permit a plaintiff to litigate the same question over and over again, encumbering the mechanisms our society has established to resolve disputes and subjecting the defendant to incessant harassment." Corey v. Avco-LycomingDivision, 163 Conn. 309, 321, cert. denied 409 U.S. 1116 (1972). If the same claim is made again, the judgment in the first action is conclusive as to any claims which were actually made or which might have been made in that action. Bridgeport Hydraulic Co. v.Pearson, 139 Conn. 186, 196 (1952). For purposes of res judicata, the claim that is extinguished "includes all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose."Lehto v. Sproul, 9 Conn. App. 441, 444 (1987), quotingRestatement of Judgments, Section 24(1).
The defendant's April 28, 1998 motion to open the judgment raised the same issues that his subsequent motions raised. Indeed, the language of his July 22, 1998 motion was virtually identical to the language of the earlier motion. The only evidence he did not have at the time of the April motion was the result of the DNA testing. The defendant points to flaws in the logic of the magistrate deciding the April motion at a hearing on May 19, 1998. The magistrate's decision was not appealed, however. The judgment of the magistrate is conclusive as to all matters which were or might have been raised by the defendant in his motion of April 28, 1998 or the trial of it. That necessarily includes all issues relating to either the fact or the consequences of the defendant's paternity. Accordingly, the defendant's motions of July 22, 1998, September 30, 1998, and November 11, 1998 are barred from relitigation by the doctrine of res judicata.
In reaching this conclusion, the court has considered the procedural arguments raised by the defendant's present counsel. It is true that res judicata cannot be raised by a motion to dismiss, and true that a motion to dismiss must be accompanied by a memorandum of law. The magistrate treated the state's oral motion as both a motion to dismiss and as an objection to the defendant's motion to reopen. While the state did not correctly make a motion to dismiss and the magistrate could not have entertained such a motion unless it were accompanied by a memorandum of law, however, the magistrate was within his authority to entertain an objection to the defendant's motion. In addition, res judicata must ordinarily be specially pleaded, but not in response to a motion.[2] However, even if there were a CT Page 11994 requirement that the state file a written pleading asserting res judicata in response to the defendant's motion, that requirement is waived where the defendant fails to make appropriate objection to the evidence and argument offered in support of that defense.Carnese v. Middleton, 27 Conn. App. 530, 537 (1992). Finally, the defendant argues that he was entitled to present evidence pursuant to Section 46b-172 and the Constitutions of the State of Connecticut and the United States. Section 46b-172 provides in part as follows:
 The prior judgment as to paternity shall be res judicata . . . as to that issue and shall not be reconsidered by the court, unless the person seeking review of the acknowledgment petitions the superior court for the judicial district having venue for a hearing on the issue of paternity within three years of such judgment.
On the date he filed his April motion, the defendant had recourse available under the statute. He did not avail himself of it.
The decision of the family support magistrate is affirmed.
BY THE COURT,
GRUENDEL, J.